UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE MCGEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CHILD SUPPORT SERVICES STATE HEARING OFFICE, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-02626-MEJ<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 7 |

## INTRODUCTION

On May 16, 2016, Plaintiff Stephanie McGee ("Plaintiff") filed a Complaint and an Application to Proceed In Forma Pauperis. Compl., Dkt. No. 1; Appl., Dkt. No. 3. The Court granted Plaintiff's Application to Proceed In Forma Pauperis but pursuant to 28 U.S.C. § 1915(e)(2) dismissed Plaintiff's Complaint on the ground that Plaintiff's allegations were unclear at that point, and as such, the Court could not find she stated a claim for relief under Federal Rule of Civil Procedure 8 or that the Court has subject matter jurisdiction over this case. Order, Dkt. No. 6. Additionally, the Court noted that, as it appeared Plaintiff was attempting to challenge a state court order, the "*Rooker-Feldman* doctrine" precluded such de facto appeals. *Id*. While the Court thus dismissed Plaintiff's original Complaint, it also granted her leave to file an amended complaint. *Id*. Plaintiff filed her First Amended Complaint ("FAC") on July 28, 2016. Dkt. No. 7. As Plaintiff continues to proceed in forma pauperis, the Court is under a continuing obligation to screen Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2). Having done so, the Court finds that it must **DISMISS** the FAC with leave to amend.

//

//

**SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(E)(2)**

**A.    Legal Standards**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss the Complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation omitted).  Pro se pleadings are liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the United States Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke a federal court's jurisdiction, a plaintiff must specifically allege facts demonstrating that court has subject matter jurisdiction.  Fed. R. Civ. P. 8(a)(1) (a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction.").  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by any party or by the court.  *See Attorneys Tr. v. Videotape Comput. Prods., Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

**B.     Allegations in the FAC**

Plaintiff is a California resident. FAC ¶ 1(a). She alleges she began receiving public assistance for her son through the County of Alameda in 1995, and in 1996, learned a judgment of child support had been entered in her favor, and "an account had been established" in her name to collect child support payments. *Id.* ¶¶ 4-5. She further alleges the State of California ("Defendant") collected child support on her behalf, but moved the assets to another account. *Id.* ¶¶ 7-8. Plaintiff alleges she is owed $347,000 in child support arrears, but has not "received a cent" of the monies collected by the State in her name. *Id.* ¶ 7. In 2015, Alameda County sent Plaintiff a letter informing her that, after a 2005 hearing, "it was determined that arrears of $48,000 was owed to you. We were ordered by the court to set aside those arrears, dismiss and close this case and make no further efforts to collect on those arrears." *Id.*, Ex. B. Plaintiff characterizes this letter as showing "an error had been made that my judgment of $48,000 had been paid out in error to the wrong person. The money had been distributed in error by the state." FAC ¶ 8.

Based on these facts, Plaintiff alleges Defendant "did not carry out its obligations or administer a program of Child Support Enforcement (CSE) that meets the requirements of Title IV-D of the Social Security Act. The state was not in compliance with the Federal Statu[t]e mandates. The nature of my case is for breach of contract . . . . My claim is for entitlement to money under a Federal Program (Title IV-D of the Social Security Act) which is implemented through grants to the State." *Id.* ¶ 3; *see also id.* ¶ 12. She asserts state law claims for fraud, breach of fiduciary duty, breach of contract, conversion, unjust enrichment, and accounting. *See generally* FAC.

Plaintiff alleges federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 "to determine whether a state administrative agency correctly interprets State and Federal law and the interpretation of the Title IV-D [of] the Social Security Act presents a federal question." *Id.* ¶ 2.

**C.     Analysis and Screening**

Having carefully reviewed Plaintiff's Complaint, the undersigned finds the FAC must be dismissed for lack of federal subject matter jurisdiction:

3

1. No Federal Question Alleged

Given that Plaintiff is a citizen of California suing the State of California, Plaintiff cannot and does not invoke diversity jurisdiction. She only attempts to establish federal question jurisdiction exists. But although Plaintiff alleges Defendant violated more than a dozen provisions of Title IV-D of the Social Security Act, 42 U.S.C. §§ 651, et seq., ("Title IV-D"), the FAC only asserts state law claims. *Compare* Am. Compl., ¶12 ("Claim"), *with id.* ¶¶ 27-38 ("Complaint"). Based on the claims Plaintiff actually asserts in the FAC, the case does not involve a federal question.

2. A Section 1983 Claim Would Be Time-Barred

Construing the FAC liberally, as the Court must, it is possible Plaintiff attempts to state a claim based on Defendant's alleged deprivation of her rights under color of state, which would give the court subject matter jurisdiction over the action pursuant to 42 U.S.C. § 1983 ("Section 1983").[1] Specifically, it appears Plaintiff alleges Defendant's failure to correctly interpret and implement numerous provisions of Title IV-D violates her civil rights.[2] *See* FAC ¶ 2 (court "has jurisdiction to determine whether a state administrative agency correctly interprets State and Federal law and interpretation of the Title IV-D"); ¶ 12 (alleging Plaintiff is "aggrieved by the State's agency action" and violations of numerous provisions of Title IV-D). Alternatively, Plaintiff may be alleging Defendant deprived her of property without due process of law in violation of her Fifth and Fourteenth Amendment rights. *Id.* ¶ 3 (Defendant deprived Plaintiff of "money, my property, my support rights"). Under either theory, Plaintiff's claims are time-barred.

---

[1] Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States. . . . [It] is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere." *Drawsand v. F.F. Properties, L.L.P.*, 866 F. Supp. 2d 1110, 1120 (N.D. Cal. 2011) (citations omitted).

[2] For purposes of this Order only, the Court assumes that the Title IV-D provisions Plaintiff identifies are enforceable through Section 1983. *But see Consumer Advocates Rights Enf't Soc'y, Inc. (Cares, Inc.) v. State of Cal.*, 2005 WL 3454140, at *3 (N.D. Cal. Dec. 16, 2005) ("Title IV-D does not provide plaintiffs with enforceable personal rights. Even if the laws have the effect of benefitting them, their failure to qualify as 'intended beneficiaries' of the provisions precludes them from maintaining a Section 1983 private right of action against defendants").

Because Section 1983 is silent as to what statute of limitations applies, courts determine the applicable statute of limitations by borrowing state statutes of limitations for analogous claims. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). "In order to minimize confusion that had previously reigned regarding the appropriate statute of limitations for § 1983 claims, the Supreme Court established a rule that because § 1983 claims are best characterized as personal injury actions, . . . a State's personal injury statute of limitations should be applied to all § 1983 claims." *Marotz v. City & Cty. of San Francisco*, 2015 WL 970577, at *4 (N.D. Cal. Mar. 2, 2015) (internal quotation marks omitted; quoting *Owens v. Okure*, 488 U.S. 235, 240-41 (1989).) Personal injury actions in California are generally subject to a two-year statute of limitations. *See* Cal. Code Civ. Proc. § 335.1.

Federal law determines when a civil rights claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). The events Plaintiff complains of occurred between 1995 (when she first obtained child support payments) and 2005 (when, through a Stipulation & Order, the Department of Child Support Services ("DCSS") was ordered to set aside $48,000 in arrears, dismiss the case against Plaintiff, and make no further efforts to collect those arrears). *See* FAC ¶ 4-5, 8, Ex. B. Plaintiff's claim accrued when she had reason to know she did not receive the arrears addressed by the 2005 Stipulation & Order. Even drawing all inferences in favor of Plaintiff, nothing in the FAC suggests Plaintiff's claims are based on events occurring after 2005. Indeed, in the FAC, Plaintiff seeks prejudgment interest after the year 2005. *See* FAC ¶ 40(b). Plaintiff's claims accordingly became time-barred in 2007.

Plaintiff attaches to the FAC an August 15, 2015 letter from DCSS relating to the 2005 Stipulation & Order. *See id*. Plaintiff alleges the letter "provided new information that an error had been made that my judgment of $48,000 had been paid out in error to the wrong person." FAC ¶ 8. Plaintiff's characterization does not reflect the content of the letter she attaches to the FAC, as that letter merely purports to correct the manner in which the DCSS described the 2005 Stipulation & Order in an August 5, 2015 letter. *See* FAC, Ex. B. To the extent Plaintiff

5

references the "new information" in the 2015 letter to argue she did not discover the factual basis for her claims until 2015, her attempt to invoke delayed accrual is defeated by her own earlier pleadings, of which the Court takes judicial notice. Plaintiff filed a case in this court based on identical factual allegations in March 2009. *See McGee v. County of Alameda*, Case No. 09-cv-1377 (N.D. Cal.) ("*McGee I*"), Compl. at 4, Dkt. No. 1 ("Child support services closed my child support case and waived all the arrears owed to the mother"). In that case, "Plaintiff allege[d] that Defendant County of Alameda did not act upon her application for child support within the required time frame, that it incorrectly distributed and disbursed child support collections, that it inaccurately calculated the amount of child support arrears, that it inappropriately closed her child support case and that it waived child support arrears." *McGee I* Order of Dismissal, Dkt. No. 6. Finding it lacked jurisdiction to hear the action, the court dismissed the complaint without prejudice to Plaintiff refiling the action in state court. *Id*. ("[A] claim related to child support payments is a matter of state law."). Although Plaintiff did not include in that complaint any allegations concerning the State of California or Title IV-D, her allegations relate to the identical set of operative facts she includes in the FAC—including the waiving of child support arrears she alleges in the FAC. Plaintiff filed a second case based on the same factual allegations in July 2012. *See McGee v. Cal. Dep't of Child Support Svcs*., Case No. 12-cv-3764 (N.D. Cal.) ("*McGee II*"). In the amended complaint Plaintiff filed in that action, she specifically alleged the defendant "was not in compliance with Title IV-D of the social security act." *McGee II* Compl., Dkt. No. 11 at 2. The court also dismissed that complaint for lack of subject matter jurisdiction: "The essence of Plaintiff's Complaint was that she felt that 'closing my child support case and waiving the father's prior arrearages was also void as against public policy. I can no longer collect my arrears because [Defendant] has made my support orders unenforceable. [Defendant] did not perform as specified in our agreement that they would work on my behalf.'" *McGee II Order Dismissing Compl.*, Dkt. No. 13. Plaintiff first appealed the decision to the Ninth Circuit, which affirmed the district court's dismissal of the case based on lack of subject matter jurisdiction. *McGee II USCA Mem.*, Dkt. No. 18. Plaintiff then appealed the decision to the United States Supreme Court, which denied certiorari. *McGee II Order*, Dkt. No. 25. The undersigned accordingly finds

Plaintiff's Section 1983 claim accrued at the latest in 2005, and there is no basis to apply delayed accrual on the record presented here.

Finally, this Court finds Plaintiff is not entitled to relief under the continuing violations doctrine, which allows plaintiffs "to seek relief for events outside of the limitations period if a series of violations are related closely enough to constitute a continuing violation, and if one or more of the violations falls within the limitations period." *Parsons v. Alameda Cty. Sheriff Dep't*, 2016 WL 1258590, at *6 (N.D. Cal. Mar. 31, 2016) (citing *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001)). Instead of suggesting Plaintiff suffered a series of discrete violations, the FAC identifies several alleged violations occurring between 1995 and 2005. At most, the FAC suggests Plaintiff continues to experience impact from past violations, all of which fall outside the statute of limitations. As such, the continuing violation doctrine does not apply. *See Knox*, 260 F.3d at 1013 ("a mere continuing impact from past violations is not actionable." (citations omitted)). The latest event Plaintiff identifies in the FAC is the 2005 filing of a Stipulation & Order, which determined that arrears of $48,000 were owed to Plaintiff. FAC, Ex. B. While Plaintiff alleges she still has not been paid those arrears (*id*. ¶¶ 7-8), any claim based on recovering the arrears accrued in 2005 when Defendant allegedly failed to pay her those monies. The continuing violation doctrine is inapplicable in the instant action because Plaintiff has not established any new violations or misconduct by Defendant since 2005. *See Knox*, 260 F.3d at 1013. That Plaintiff continues to suffer harm today as a result of failures she alleges occurred between 1995 and 2005 does not preserve time-barred claims.

## CONCLUSION

Because the allegations in the FAC fail to show a basis for federal question jurisdiction, or in the alternative, because the federal claim she may be asserting is time-barred, the Court dismisses the FAC. In the event Plaintiff can clarify the nature of her federal claim and/or demonstrate her federal claim that is not barred by the statute of limitations, the Court will give

//

//

//

7

Plaintiff leave to amend her FAC.  Any amended complaint shall be filed no later than September 8, 2016.

**IT IS SO ORDERED.**

Dated: August 9, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge