UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE MCGEE,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CHILD SUPPORT SERVICES STATE HEARING OFFICE, et al.,<br><br>Defendants. | Case No. 16-cv-02626-MEJ<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE**<br><br>Re: Dkt. No. 9 |

## INTRODUCTION

On May 16, 2016, Plaintiff Stephanie McGee ("Plaintiff") filed a Complaint and an Application to Proceed In Forma Pauperis. Compl., Dkt. No. 1; Appl., Dkt. No. 3. The Court granted Plaintiff's Application to Proceed In Forma Pauperis but pursuant to 28 U.S.C. § 1915(e)(2) dismissed Plaintiff's Complaint on the ground that Plaintiff's allegations were unclear at that point, and as such, the Court could not find she stated a claim for relief under Federal Rule of Civil Procedure 8 or that the Court has subject matter jurisdiction over this case. First Order, Dkt. No. 6. Additionally, the Court noted that, as it appeared Plaintiff was attempting to challenge a state court order, the "*Rooker-Feldman* doctrine" precluded such de facto appeals. *Id*. While the Court dismissed Plaintiff's original Complaint, it also granted her leave to file an amended complaint. *Id*. Plaintiff filed her First Amended Complaint ("FAC") on July 28, 2016. Dkt. No. 7. The Court screened the FAC and dismissed it on the ground that it did not allege a federal question, and to the extent the Court construed the allegations as attempting to state a claims pursuant to 42 U.S.C. § 1983, such claims were barred by the applicable statute of limitations. Second Order, Dkt. No. 8. The Court granted Plaintiff leave to amend (*id*.), which Plaintiff did on August 30, 2016 (Dkt. No. 9).

As Plaintiff continues to proceed in forma pauperis, the Court is under a continuing obligation to screen Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2).  Having done so, the Court finds that it must now **DISMISS** Plaintiff's Second Amended Complaint ("SAC") **WITHOUT LEAVE TO AMEND**.

### SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(E)(2)

**A.    Legal Standards**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss the Complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation omitted).  Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the United States Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.   Federal question jurisdiction requires that the complaint (1) arise under a federal law or the Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke a federal court's jurisdiction, a plaintiff must specifically allege facts demonstrating that court has subject matter jurisdiction.  Fed. R. Civ. P. 8(a)(1) (a pleading that states a claim for relief must contain "a short and plain

statement of the grounds for the court's jurisdiction."). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by any party or by the court. *See Attorneys Tr. v. Videotape Comput. Prods., Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

**B.     Allegations in the SAC**

Plaintiff alleges she began receiving public assistance for her son through the County of Alameda (the "County") in 1995. SAC ¶ 5. In 1996, the Alameda County District Attorney sent Plaintiff a letter enclosing a copy of a Judgment and Order requiring Alvin Florida Jr. to pay the Treasurer of Alameda County for the support of his son, Stephan Florida. *Id.*, Ex. B at 3. The letter further informed Plaintiff that an account had been established for enforcement of the order. *Id.*, Ex. B at 2. Plaintiff alleges she is owed $347,000 in child support arrears, but has not "received a cent" of the monies collected by the State in her name. *Id*. ¶ 8.

On August 18, 2015, the County sent Plaintiff another letter. *Id.*, Ex. C. Plaintiff characterizes the August 18, 2015 letter as an admission by the State of California ("Defendant") that "an error had been made" when it paid a $48,000 judgment in Plaintiff's favor to the wrong person. *Id*. ¶ 9. The County's August 18 letter does not state an error had been made in the payment of the $48,000—it corrects the County's prior description of a 2005 Stipulation & Order (the "2005 Stipulation") in an earlier letter:

> In our [A]ugust 5, 2015 letter we erroneously stated . . . that [by] "Stipulation & Order After Hearing filed 10/7/2005,["] it was determined that you owed arrears of $48,000 to Herman Blade and any other amount claimed by our office was set aside.
>
> We intended to say that by Stipulation & Order After Hearing filed 10/7/2005, it was determined that arrears of $48,000 was owed to you. We were ordered by the court to set aside those arrears, dismiss and close this case and make no further efforts to collect on those arrears.

*Id.*, Ex. C.

Plaintiff further alleges she requested a hearing when the County declined to take action, and that her request was denied. *Id.* ¶ 10. Plaintiff filed a writ of mandate on December 30, 2015. *Id.* ¶ 11. "[T]he State Attorney for CDCSS filed a demurrer"; she alleges this demurrer discloses

3

for the first time that her name had been replaced on her child support account; her son Stephan was listed as the "non-custodial parent"; his father Alvin was listed as the "child"; and "[t]he State pretended that Herman Blade" was Plaintiff. *Id.* ¶ 12. The document Plaintiff attaches in support of these allegations appears to be two pages from a demurrer filed in an unidentified action. *Id.*, Ex. D. The Statement of Facts and Procedural History reads:

> Since 1995, petitioner has not had custody of her son, Alvin Florida, Jr., but instead the child's maternal stepfather, Herman Blade, did.... On December 6, 1995, the Alameda County Superior Court . . . ordered the father of the child, Stephan Florida, to pay child support for Alvin to the Treasurer of Alameda County. . . In a Stipulation and Order After Hearing, dated October 7, 2005, although the Court had ordered defendant Stephan Florida to pay child support each month to the guardian, Herman Blade, and arrears in the amount of $48,000, and ordered Florida to pay any outstanding funds in two installments, the Alameda County Superior Court ordered the Alameda DCSS to dismiss and close the child support case and not make any further attempts to collect arrears from defendant Stephan Florida. . . Stephanie McGee is nowhere mentioned in either of these orders, and was not a party to them.

*Id.*, Ex. D. Plaintiff does not identify the proceedings in which this document was filed, nor does she attach the exhibits it references. The Court accordingly cannot determine whether the misidentification of father and son was made by the author of the demurrer or appears in the exhibits. Plaintiff alleges her request for a jury trial was denied on May 15, 2016, and a judgment rendered. *Id.* ¶ 15.

Based on these facts, Plaintiff asserts two claims pursuant to 42 U.S.C. § 1983 ("Section 1983")[1]; a "Bradley Amendment" claim; a Truth in Lending Act ("TILA") claim; and common law claims for breach of contract and concealment. *See generally* SAC. Plaintiff's factual allegations relate to conduct by the County, but she has only named the State of California and the

---

[1] In the Introduction to the SAC, Plaintiff alleges her Section 1983 claim is based on the violation of her "rights secured by the Fifth and Fourteenth Amendment and Title IV-D of the Civil Rights Act." SAC ¶ 2. Her first claim for violation of Section 1983, however, is only premised on Constitutional violations. *See id*. ¶¶ 18-23. Plaintiff asserts a separate claim for violation of Title IV-D of the Social Security Act, 42 U.S.C. §§ 651, et seq. ("Title IV-D"), and includes language in that claim confirming she is seeking to enforce rights conferred by Title IV-D through Section 1983. *Id*. ¶¶ 24-26. The Court thus construes Plaintiff's Title IV-D claim as a Section 1983 claim for violation of Title IV-D.

1 Department of Child Support Services State Hearing Office as Defendants.

**C.     Analysis and Screening**

The Court first screens the two new federal claims Plaintiff asserts in the SAC, then the Section 1983 claim, and finally, Plaintiff's common law claims.

    1.     Bradley Amendment & TILA Claims

In her Original Complaint, Plaintiff asserted claims under the Bradley Amendment and TILA. Compl. at 4. In dismissing that Complaint with leave to amend, the Court wrote: "Nor has Plaintiff alleged sufficient facts to demonstrate federal question jurisdiction. While Plaintiff alleges various federal laws were violated, she does not clearly explain how or when Defendant violated these federal laws or how the alleged violations harmed her. Her conclusory statements that there are violations of federal law and the United States Constitution do not create a sufficient basis to establish subject matter jurisdiction." First Order at 4. Plaintiff did not include Bradley Amendment or TILA claims in the FAC. *See* Dkt. No. 7. In the SAC, Plaintiff now reasserts the same conclusory allegations that Defendants violated the Bradley Amendment (42 U.S.C. § 666(a)(9)(c)) and TILA. SAC at pp. 10-11. The Court once more concludes these claims must be dismissed, but this time with prejudice, because, as explained below Plaintiff still has not shown she is able to state plausible facts supporting a claim against Defendants under these statutes. Accordingly, neither of these statutes gives the Court subject matter jurisdiction over this case.

    *a.     Bradley Amendment*

As another Court explained when dismissing an earlier complaint filed by Plaintiff:

> Section 666 generally requires that each state must have in effect certain laws intended to improve the effectiveness of the child support system. Section 666(a)(9)(c) states that with respect to procedures requiring support payments, an order of support may not be subject to retroactive modification by the state or any other state except through petitions for modification. Plaintiff does not assert that California has not implemented the procedure required under section 666(a)(9)(c), but she challenges actions taken by Defendant in her specific child support case. This section does not provide the Court with jurisdiction to review the handling of Plaintiff's specific state court custody matters and/or payments of child support.

*McGee v. Cal. Dep't of Child Support Svcs.*, Case No. 12-cv-3764, Dkt. No. 10 (N.D. Cal., filed Nov. 5, 2012) ("*McGee I*"); *see also id.*, Dkt. No. 13 (dismissing FAC on same ground: "Section

1   666 does not provide the Court with jurisdiction to review the handling of Plaintiff's specific state
2   court custody matters and/or payments of child support.")  Plaintiff's Bradley Amendment claim
3   in this case suffers from the same problems the *McGee I* Court identified; the Court thus adopts
4   the same reasoning here and concludes Plaintiff has failed to state a claim under the Bradley
5   Amendment.

          *b.*      TILA

Plaintiff argues Defendants violated TILA "by not entitling my c/s judgment full faith and credit in the state of Calif. and in any of the states that full faith is a 'constitutional principle.'" SAC ¶ 30.  The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices."  15 U.S.C. § 1601.  It is unclear how Plaintiff alleges Defendants offered her credit or violated TILA.  Once again, Plaintiff's conclusory statements that Defendants violated a federal statute do not suffice to state a claim.  *See* First Order at 4.  Moreover, the Court finds this claim is frivolous as there is no arguable basis in either law or fact that Defendants violated TILA in connection with the underlying child support proceedings.

    2.    <u>Section 1983 Claims</u>

In its Order dismissing the FAC, the Court held any Section 1983[2] claim Plaintiff might have pleaded was time-barred.  *See* Second Order at 4-7.  The Court nonetheless granted Plaintiff leave to amend in the event she could show a basis for delayed accrual or could clarify the nature of her Section 1983 claim.  *Id*. at 6-7.  In the SAC, Plaintiff premises her Section 1983 claims on the violation of two distinct rights.  First, she alleges her requests for a "State Hearing" and jury trial were denied, and her case dismissed, depriving Plaintiff of her property without due process of law in violation of her Fifth and Fourteenth Amendment rights.  SAC ¶¶ 18-23.  Second, she

---

[2] Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States. . . . [It] is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere."  *Drawsand v. F.F. Props., LLP*, 866 F. Supp. 2d 1110, 1120 (N.D. Cal. 2011) (citations omitted).

alleges Defendants' action breached several of their duties under Title IV-D. *Id*. ¶¶ 24-26.[3] As discussed below, the Court concludes Plaintiff's Section 1983 claims must be dismissed without leave to amend.

### *a.    Denial of State Hearing/Dismissal of Action*

To the extent Plaintiff bases her Section 1983 claim on the denial of a "State Hearing" in August 2015, Plaintiff fails to simply, directly, and concisely state the connections between each of the Defendants, the alleged violations, and the alleged harm caused to Plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("[A] complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2))). The SAC does not provide a clear description of what hearing Plaintiff requested in what forum or of who denied her request for a hearing (e.g., one of the Defendants, an agency, a judge); fails to provide facts sufficient to show Plaintiff was entitled to such a hearing (e.g., based on something other than her mischaracterization of the August 2015 letter); fails to establish Plaintiff followed the proper requirements for requesting such a hearing; and fails to describe how each Defendant harmed Plaintiff. To the extent it attempts to state a Section 1983 claim based on the denial of a "State Hearing," the SAC fails to meet the basic requirements of Rule 8(a).

To the extent the Section 1983 claim challenges a California State Court's order sustaining the demurrer she attaches to her SAC and dismissing her action (SAC ¶¶ 15-17 & Ex. D), that claim is barred by the *Rooker-Feldman* doctrine. *See* First Order at 4 ("[T]he Court cautions Plaintiff that this Court does not have the power to review errors allegedly committed by state courts." (citing *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012); *Rooker v. Fidelity Tr. Co*., 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983))).

---

[3] For purposes of this Order only, the Court assumes that the Title IV-D provisions Plaintiff identifies are enforceable through Section 1983. *But see Consumer Advocates Rights Enf't Soc'y, Inc. (Cares, Inc.) v. State of Cal.*, 2005 WL 3454140, at *3 (N.D. Cal. Dec. 16, 2005) ("Title IV-D does not provide plaintiffs with enforceable personal rights. Even if the laws have the effect of benefitting them, their failure to qualify as 'intended beneficiaries' of the provisions precludes them from maintaining a Section 1983 private right of action against defendants").

### b. Title IV-D

The Court already found that a Section 1983 claim based on violations of Title IV-D, the waiving of arrears, the closure of the child custody proceedings, or the payment of child support funds to someone other than Plaintiff accrued no later than October 2005 with the entry of the Stipulation & Order After Hearing (the "2005 Stipulation"). *See* Second Order at 5-7. The statute of limitations for a Section 1983 claim is 2 years. *See id*. at 5. Plaintiff's Section 1983 claim thus expired in 2007. In the SAC, Plaintiff argues delayed accrual applies because an August 18, 2015 letter revealed for the first time that Defendants had mistakenly paid a $48,000 judgment owed to Plaintiff to the wrong person. SAC ¶ 9. Plaintiff's characterization of the August 18, 2015 letter is not supported by the document. The letter does describe the 2005 Stipulation in which "it was determined that arrears of $48,000 was owed to" Plaintiff. *Id*., Ex. C. But rather than revealing Defendants paid the arrears to the wrong person, the letter merely corrects the description of the 2005 Stipulation the County had included in an August 5, 2015 letter to Plaintiff. *Id*. The August 18, 2015 letter thus does not present a basis for delayed accrual.[4]

Nor does the excerpt of the demurrer Plaintiff attaches to the SAC (Ex. D) provide a ground for delayed accrual. At most, the Court can infer the author of the demurrer filed in the unidentified state court action mistakenly identified the participants in the child support proceedings; Plaintiff fails to allege facts sufficient to show the mistake was made by Defendants in the child support proceedings, that the mistake harmed Plaintiff, or that Plaintiff was unaware of the mistake during the child support proceedings. Plaintiff has not alleged any facts showing delayed accrual applies.

---

[4] Moreover, the factual allegations in the SAC are premised on the same facts Plaintiff described in a March 2009 Complaint filed in another action before this Court. *See McGee v. Cty. of Alameda*, Case No. 09-cv-1377 (N.D. Cal. filed on March 30, 2009), Compl. at 2, Dkt. No. 1 ("Child support collections have been distributed and disbursed incorrectly. . . . Alameda county child support agency's decision to close a child support Case. . . . The waiving of child support arrears"), at 4 ("Child Support services closed my child support case and WAIVED all the arrears owed to the mother. Herman Blade was never awarded guardianship of our son . . . .")). Plaintiff's March 2009 Complaint establishes she was fully aware of the factual basis for the claims she asserts in this action no later than March 2009—7 years before she filed the original complaint in this case.

For the reasons stated in its Second Order, the Court reaffirms (1) Plaintiff has not demonstrated delayed accrual applies, and (2) Plaintiff is not entitled to relief under the continuing violations doctrine. *See* Second Order at 4-7.

3. State Law Claims

Plaintiff is a citizen of California suing the State of California and a California State agency. SAC ¶ 1. Because all parties are citizens of the same state, Plaintiff cannot invoke diversity jurisdiction. *See* 28 U.S.C. § 1332. Finding it lacks jurisdiction to hear some of Plaintiff's federal claims, and that the remainder of her federal claims are barred by the statute of limitations, the Court declines to exercise supplemental jurisdiction over Plaintiff's common law claims for breach of contract and concealment. The Court will not further analyze these claims to determine whether they are sufficiently pleaded.

## CONCLUSION

Based on the analysis above, the Court finds Plaintiff's Section 1983 claims are either barred by the statute of limitations or by the *Rooker-Feldman* Doctrine; Plaintiff's TILA claim against Defendants is frivolous; and the Bradley Amendment does not provide a basis for federal subject-matter jurisdiction in this case. Plaintiff twice has been granted leave to amend her complaint. Because it is now "absolutely clear that the deficiencies of the complaint could not be cured by amendment" (*Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984)), the Court now **DISMISSES** the federal claims **WITHOUT LEAVE TO AMEND**. The Court also declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and dismisses those without prejudice to refiling them in state court.

The Clerk of Court shall close the file in this matter.

**IT IS SO ORDERED.**

Dated: September 23, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge